Exhibit "2"

**Steven C. Vondran, Esq.**
AZ Lic. #: 025911
CA Lic. #: 232377
steve@vondranlegal.com

Business | Real Estate
Intellectual Property | Software



-Est. 2004-

## THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

September 21, 2018

Citizine Networks, Inc.
Attn: Mr. Philip DeBevoise, CEO
7080 Hollywood Blvd.
Los Angeles, CA. 90028

<u>VIA OVERNIGHT MAIL AND EMAIL</u>:   philip@citizine.tv; info@citizine.tv

***Re: Unauthorized use of copyrighted photograph(s) / cease and desist / FRE 408 Confidential Settlement Communication and infringement materials.***

**File#: 886**

<u>THIS IS A LEGAL DEMAND LETTER AND MAY AFFECT YOUR LEGAL RIGHTS. PLEASE FORWARD TO THE PROPER PERSON OR DEPARTMENT FOR IMMEDIATE RESPONSE.</u>

To Whom it May Concern,

Please be advised that our firm represents commercial photographer *Elliot McGucken Fine Art Photography* ("EMFAP"). EMFAP is the owner of the copyrighted image(s) as set forth in the attached **Exhibit "A."** The pertinent copyright registrations made with the United States Copyright Office are attached as **Exhibit "B."**

We are writing this letter because copyright image(s) owned by my Client (**Exhibit "A"**) have been found promoting your products and/or services with my client's image(s). Perhaps they have been downloaded from Google images or other similar websites where you or may have wrongfully believed the images were royalty-free and free for use. This is not the case, and in this case, copying and using my Client's images (without a proper legal license) constitutes copyright infringement under the United States copyright law even if, for example, it was done by a third party on your behalf, such as by a webmaster. The photo(s) are on your company website which is why we are sending you this letter.

Please be advised that my client has no record of any license being acquired by you or your company. If we are in any way mistaken please provide written evidence of same **within 7 business days** of the date of this letter so that we may review your claim of license. You can email any evidence or proof to us at claims@vondranlegal.com .

---

**Phoenix:** 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016 | **Beverly Hills:** 9701 Wilshire Blvd., Suite 1000, Beverly Hills CA 90212
**Newport Beach:** 620 Newport Ctr. Drive, Suite 1100, Newport Beach, CA 92660 | **San Diego:** 8880 Rio San Diego Drive, 8th Floor, San Diego, CA 92108
**San Francisco:** One Sansome Street, Suite 3500, San Francisco, CA 94104

www.VondranLegal.com   Phone: (877) 276-5084   Fax: (888) 551-2252

September 21, 2018
Page 2 of 4

In the event there is no valid legal license, reproducing and publicly displaying my client's image(s) on your website constitutes copyright infringement, whether or not it is deemed "willful" or even "innocent" in nature. This is true whether there or not there may have been a copyright notice or symbol on the photo.

My Client is a professional level photographer who values his work and does not appreciate businesses (or even individuals/sole proprietors) using his work without his express written permission and the failure to pay proper licensing fees naturally harms his commercial efforts and strips control from the photographer. Moreover, preventing unauthorized use of images can be a very time-consuming process having to continually try to identify and stop unauthorized uses.

Assuming your company does not have a proper license, we believe the unauthorized use and reproduction of the works at issue (as set forth in **Exhibit "A" and "B"** respectively) constitute a violation of *The Copyright Act, Title 17 of the United States Code*. As the violation occurred on what appears to be a corporate (commercial) website we do not consider this to be a "fair use," especially since the entire photo(s) appear to have been reproduced in its entirety in order to benefit you commercially.

Under the United States copyright laws, if we cannot amicably resolve this situation, and if we are forced to go to court, my client will be seeking the maximum monetary penalties possible, which may include statutory damages under *17 U.S.C. §504* (which authorizes up to $150,000 for willful (intentional) infringement or up to $30,000 for unintentional infringement). This means, even if you posted the photos not knowing it was copyrighted this is still infringement. Courts may also award attorney fees to a prevailing party in a copyright litigation case. In addition, if required, we may be forced to seek an injunction to stop the infringing conduct. At this time, we respectfully request that you immediately cease and desist using this image.

In addition, we are currently investigating whether or not your unauthorized use has violated a separate copyright DMCA provision [*17 U.S.C. §1202*] which prohibits altering or removing *copyright management information* ("CMI") such as re-posting the photo(s) at issue without the copyright symbol, authors name, photo title or other information that the photographer may have provided. This is a separate violation that can trigger penalties of (a minimum) of $2,500.

In short, we consider any unlicensed activity to be a *willful violation* of copyright law as it is clear to most people that you cannot utilize professional photography for business uses without properly obtaining rights to use the image. In fact most business owners are aware that there are many *stock photography* websites that license photos (for a fee), and ignorance of the law and/or failure to obtain the proper rights is not a valid defense.

You should also note that while corporate officers may normally be protected by a "corporate veil" in copyright infringement cases federal case law has held that it is possible to hold officers and directors of the corporation *personally liable*. While we believe my Client has the present right to file

September 21, 2018
Page 3 of 4

a civil lawsuit for damages, we are also willing to try to resolve this amicably, and out of court, if we can get this matter resolved quickly and without expending an undue amount of time. This naturally would save everyone the stress and costs of litigating this issue in court.

## <u>CONFIDENTIAL SETTLEMENT OFFER – FRE 408</u>

If you are interested in resolving this matter, my Client has authorized me to settle and close this case on the following terms and conditions.

1. Immediately takedown the infringing photos at issue from your website within 7 business days of receipt of this letter and <u>confirm</u> at the email below that you have done so.

2. Pay the settlement fee of **$20,000.00 w**ithin 7 business days of the date of this letter. This amount would cover past infringing uses and copyright enforcement and infringement fees.

3. Sign and return the <u>conditional copyright release license form</u> (See **Exhibit "D"**) within 7 business days and return it by facsimile to (888) 551-2252 or email to <u>claims@vondranlegal.com</u> .

PAYMENT INFORMATION. You can send in payment be either filling out the enclosed <u>credit card authorization</u> (See **Exhibit "C"**) or email us if you wish to pay by check or money order. The details are set forth in the attached settlement agreement should you wish to resolve this issue.

You should also note that if your use of my Client's photo was used in connection with your advertising, you may have an insurance policy that covers our claim. In that event, it might make sense to check with your insurance agent or have your agent or attorney contact us at the email address above. If you do not have an attorney, you may wish to consult with, or hire one.

**If we do not receive a response from you or receive the signed agreement and payment within 30 days of the date of this letter, we will assume you have no intention of resolving this amicably out of court, and have no valid license, and in that event we reserve all rights to elevate this matter to a court of law.**

You should also realize that failure to respond to a federal court lawsuit can result in a default judgement being entered, whereby the court may set the amount of damages within the parameters noted above, and a future a wage garnishment, property lien, levy, or other collection effort could be pursued. All legal rights are hereby reserved.

September 21, 2018
Page 4 of 4

      If you would like to contact us we can be reached at claims@vondranlegal.com . Thank you for your anticipated cooperation on settling this case on exceedingly favorable terms.

Very truly yours,

Steven C. Vondran, Esq.

Encl: Exhibits A-D / Power of Atty/Potential Penalties and Damages in Copyright Infringement Cases

EXHIBIT "A"

**Citizine Networks, Inc. CEO Philip DeBevoise, Los Angeles Infringement**

## 1. Infringing URLS

https://www.citizine.tv/article/your-la-weekend-guide-march-29-april-1

https://s3.amazonaws.com/media.citizine.tv/stories/29094324_185022155559092_4666130484
160364544_n.jpg.1280x600_q85_box-0%2C181%2C1024%2C661_crop_detail.jpg

https://s3.amazonaws.com/media.citizine.tv/stories/29094324_185022155559092_4666130484
160364544_n.jpg

## 2. Screenshots

https://www.citizine.tv/article/your-la-weekend-guide-march-29-april-1



https://s3.amazonaws.com/media.citizine.tv/stories/29094324_185022155559092_4666130484
160364544_n.jpg.1280x600_q85_box-0%2C181%2C1024%2C661_crop_detail.jpg

https://s3.amazonaws.com/media.citizine.tv/stories/29094324_185022155559092_4666130484160364544_n.jpg,1280x600_q85_box-0%2C181%2C1024%2C661_crop_detail.jpg



https://s3.amazonaws.com/media.citizine.tv/stories/29094324_185022155559092_4666130484160364544_n.jpg



### 3. Contact Information

Philip DeBevoise, CEO
+1.3107098158
philip@citizine.tv
info@citizine.tv

Citizine Networks, Inc.
7080 Hollywood Blvd
Los Angeles, CA 90028
Mail

https://www.godaddy.com/whois/results.aspx?domain=citizine.tv
Registrant Name: Philip DeBevoise
Registrant Organization: Citizine Networks, Inc.
Registrant Street: 3396 Tareco dr.
Registrant City: los angeles
Registrant State/Province: CA
Registrant Postal Code: 90068
Registrant Country: us
Registrant Phone: +1.3107098158
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: philip@citizine.tv

EXHIBIT "B"

## 4. McGucken Fine Art Copyright:
VA0002089200 / 2018-02-19



2014-10-25-Nikon-D810-HDR-Photos-Malibu-Sea-Cave-Sunset-Dr-Elliot-15623397042-m.jpg
VA0002089200 / 2018-02-19



Thanks & Best,

Elliot

EXHIBIT "C"

## CREDIT CARD PAYMENT AUTHORIZATION FORM

**File# 886**

Please sign and complete this form to authorize *The Law Offices of Steven C. Vondran, P.C.* ("Vondran Legal") (hereinafter "LAW FIRM") to make the agreed upon credit or debit card payment to settle this matter in accordance with the signed Settlement Agreement which is incorporated herein by reference.

AMOUNT: The Settling Party, by signing below, agrees to pay the settlement amount of **$20,000.00 (Twenty Thousand Dollars)** and by signing this firm you give us express permission to immediately bill your credit/debit card or bank account card for the amount indicated above.

PAYMENTS: If the Settlement Agreement has permitted payments, by signing below you agree that we may charge you card below on the date the settlement payment is due.

### CREDIT CARD INFORMATION

Full Name as it appears on your card:_____

Card Type **(Circle One):** VISA | MASTERCARD | DISCOVER | AMEX

Credit Card #: _____

Expiration Date: _____

CCV (Security Code): _____

Billing Address: _____

### AUTHORIZATION

I hereby authorize LAW FIRM to automatically bill my account as per the terms of the Settlement Agreement. I certify that I am an authorized user of this credit card and that I will not dispute the payment with my credit card company; so long as the transaction(s) corresponds to the terms of the Settlement Agreement.

Signature: _____ Date: _____

Print Name: _____

Title: _____

Company:_____

### FACSIMILE / EMAIL

You may fax this page to **(888) 551-2252** (no cover page is needed) or email to claims@vondranlegal.com. If you have any questions or issues please call us at (877) 276-5084.

EXHIBIT "D"

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND RELEASE OF CLAIMS

This Confidential Settlement Agreement and Conditional Release of Claims with grant of retroactive license ("Settlement Agreement") is entered into by and between the following parties ("Parties"): **Elliot McGucken Fine Art Photography** ("Photographer"), on the one hand, and **Citizine Networks, Inc. Philip DeBovoise, CEO** ("Settling Party")

**File# 886**

## RECITALS

A.       Photographer has alleged infringement of his copyrighted photos and/or images due to having one or more of his photos being used on a business website without consent.

B.       Settling Party did not have a valid license allowing reproduction or public display of such photo(s) on their website.

C.       Through this Settlement Agreement, the Parties desire to fully and finally resolve all claims that were made, or could have been made, or could be made in the future, related to this alleged infringement.

D.       Photographer represents and warrants that it has the exclusive rights to the photo(s) at issue and has the sole authority to settle this claim, release Settling Party, and to issue and grant a retroactive license.

NOW, THEREFORE, for valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.   Terms and Conditions.

a.   Settlement Amount: Following the execution and return of this Settlement Agreement, Defendants agree to pay the total sum ("Settlement Amount") of **Twenty Thousand Dollars ($20,000.00)** in Settlement of all claims brought or that could have been brought against Settling Party in regard to any alleged photo infringement to remedy past unlicensed usage. In that regard, upon receipt of payment Photographer grants Settling Party a non-exclusive, non-sublicensable, and non-assignable retroactive license with the term commencing from the date of the original infringement to the effective date of this agreement. Photographer, however, retains all legal rights of ownership and all copyrights in said photo(s).

**ANY BREACH OF THIS AGREEMENT WILL RESULT IN COPYRIGHT HOLDER RETAINING ALL LEGAL RIGHT INCLUDING THE RIGHT TO SUR FOR INFRINGEMENT.**

b.   Payment instructions:   Payment may be made by either (a) filling out and returning the attached credit authorization form by facsimile to **(888) 551-2252**, or (b) sending a check or money order made payable to "*Vondran Legal, Client Trust Account*" and mailed within 7 business days to:

The Law Offices of Steven C. Vondran, P.C.<br>
One Sansome, Suite 3500<br>
San Francisco, CA 94104

Attn: Copyright Claims

Make sure to note - **File# 886**

    c. <u>Tax Implications</u>: Settling Party acknowledges that Photographer nor any representatives or attorneys of Photographer have made any promise, representation or warranty, express or implied, regarding the tax consequences of any consideration paid pursuant to this Settlement Agreement.

    2. <u>Mutual Release of Claims by Parties</u>. The Parties, on behalf of themselves and their predecessors, successors, heirs, assigns, agents, representatives, partners, and attorneys (if any), hereby release and forever irrevocably and unconditionally releases, remises, acquits and discharges the other and its predecessors, successors, heirs, assigns, agents, employees (past or present) representatives, partners, and attorneys ("Releasees") of and from any and all claims, controversies, damages, causes of action, liabilities, obligations, costs, losses, demands or damages of any nature whatsoever and character of any kind, at law or in equity, based in tort, contract or other legal or equitable theory, past present or future, known or unknown, suspected or unsuspected, now owned or hereafter acquired arising out of, relating to or connected with the alleged infringement(s) at issue.

    3. <u>Inclusions in Release.</u>  The release of claims in paragraph 2 of this Settlement Agreement shall include the release for: (1) all photos copyrighted by Photographer, whether *known and unknown* up through the effective date of this Settlement Agreement, (2) any obligation, event, matter, claim, occurrence, damage or injury relating to the dispute identified herein and in the recitals above (which are incorporated herein by reference); and (3) any promises, representations, warranties and inducements made to the Parties prior to the execution of this Settlement Agreement which are not embodied herein; and (4) any conduct by The Parties or its Releasees that precedes the execution of this Settlement Agreement.

    4. <u>Waiver of Unknown Claims.</u>  As to all matters being released pursuant to the terms hereof, Settling Party hereby waives any and all rights which they may have under the provisions of California Civil Code § 1542 or under any comparable federal or state statute or rule of law.  California Civil Code § 1542 provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

    Settling Party acknowledges that they have read all of this Settlement Agreement, including the above Civil Code section, and fully understand both this Settlement Agreement and Release and the Civil Code section.  Settling Party expressly waives any benefits and rights granted pursuant to Civil Code section 1542.

    5. <u>No Acknowledgment of Liability</u>. The Parties to this Settlement Agreement understand and agree that all claims made by the parties in connection with the matters which are the subject of this Settlement Agreement are disputed and each party hereto agrees that this settlement and

Settlement Agreement shall not be treated or characterized as an admission of liability or responsibility.

6. Covenant Against Future Action.  The Parties hereto covenant and agree never to commence or prosecute any action or other proceeding based on any of the matters that have been released pursuant to the terms of this Settlement Agreement.

7. Reliance on Own Judgment.  The Parties to this Settlement Agreement understand and accept the risk that facts with respect to which this Settlement Agreement is executed may later be found to be other than true or that such facts may be different from the facts now believed to be true and each party hereto is relying on their own judgment in entering into this Settlement Agreement.  This Settlement Agreement shall be and shall remain effective despite any such untruth or difference, except as to any representation expressly made in this Settlement Agreement.

8. Authority to Execute.  The Parties to this Settlement Agreement represent and warrant that they have the sole right and exclusive authority to execute and enter into this Settlement Agreement and receive the consideration therefor, and that no party has sold, assigned, transferred, conveyed or purported to sell, assign, transfer or convey, or otherwise dispose of, any claim or demand relating to any matter covered by this Settlement Agreement.

9. Binding Effect.  The Parties to this Settlement Agreement expressly covenant and agree that this Agreement shall inure to the benefit of, and be binding upon, their respective heirs, successors and assigns.

10. Parties to Bear Own Fees.  The Parties to this Settlement Agreement shall each bear their own costs, fees and expenses incurred in connection with the negotiation and preparation of this Agreement and in connection with resolving this dispute.

11. Execution of Documents.  The Parties to this Settlement Agreement agree to execute any and all documents reasonably necessary to effectuate the terms, conditions, purposes and aims of this Settlement Agreement.

12. Partial Invalidity.  In the event that any provision of this Settlement Agreement shall in any respect be declared invalid, illegal or unenforceable, such invalidity, illegality, or unenforceability shall not affect any other term or condition of this Settlement Agreement, and this Settlement Agreement shall be interpreted as though such invalid, illegal and unenforceable term or condition was not a part hereof.

13. Understanding of Settlement Agreement.   The Parties hereto each affirm and acknowledge that they have read this Settlement Agreement and have had the opportunity to have it fully explained by counsel of choice, that they fully understand and appreciate the words and terms used in this Settlement Agreement, as well as the effect of those words and terms, and further understand that this is a final compromise, release, and settlement of the matters released herein.   Each party and his/its attorney have carefully and fully reviewed this Settlement Agreement and has revised, or has had the opportunity to revise, this Settlement Agreement.  Accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be utilized in the interpretation of this Settlement Agreement.

14. <u>Entire Agreement</u>.  This Settlement Agreement constitutes the entire agreement between the Parties with reference to the subject matter hereof, and supersedes all prior agreements, understandings, negotiations, and discussions, whether oral or written, of the Parties.  There are no representations, warranties, covenants, or undertakings other than those expressly set forth in this Settlement Agreement.

15. <u>Attorneys' Fees</u>.  In the event that suit is brought to enforce or interpret any part of this Settlement Agreement, the prevailing party in such suit shall be entitled to recover their reasonable costs and attorneys' fees in an amount to be fixed by the Court.  By signing below, the Parties agree that any disputes shall be governed by California law regardless of any choice of law conflicts that may exist, and each agrees to jurisdiction of the California Courts with venue in San Francisco, California and agrees not to challenge jurisdiction.

16. <u>Counterparts and Executed Duplicate</u>.  This Settlement Agreement may be executed in counterpart and by facsimile, all such signed counterparts shall together constitute a single agreement, and an executed duplicate of this Settlement Agreement shall be as effective for all purposes as an original.

17. <u>Confidentiality</u>.  Each of the Parties will maintain in confidence, the terms of this Agreement, except as otherwise provided below.  It is not a violation of this confidentiality provision for any of the Parties to say that this dispute has been "resolved," or "settled" but neither of the Parties may state or disclose anything about the terms of this settlement or this Settlement Agreement other than that which is reasonably consistent with the foregoing.  Any party may, without violating the terms of this provision, disclose the amount of this settlement to the party's attorney, tax preparer, accountant, officers, directors, employees, spouse, parents, domestic partner, or as otherwise required by law.  If any party makes a disclosure under this paragraph, the party will advise the individual receiving the disclosure of the confidentiality restrictions and will ask the individual receiving the confidential information to abide by these restrictions.

18. <u>Mutual Non-disparagement</u>.  The Parties agree that they will not make any written or oral statement concerning the other Party which they know or reasonably should know is both untrue and disparaging.

>>>>>

>>>>>

>>>>>

4

IN WITNESS WHEREOF, the undersigned to hereby execute this Agreement effective as of the date of the last party to sign below.

**"SETTLING PARTY"**

Dated: _____, 2018

_____
Citizine Networks, Inc. Philip DeBevoise

**"PHOTOGRAPHER"**

Dated: September 21, 2018

_____
**Steven C. Vondran, Esq.**
Attorney in Fact for Photographer

**Steven C. Vondran, Esq.**
AZ Lic. #: 025911
CA Lic. #: 232377
steve@vondranlegal.com



Business | Real Estate
Intellectual Property | Software

-Est. 2004-

## THE LAW OFFICES OF STEVEN C. VONDRAN, P.C.

### CONFIRMATION OF REPRESENTATION
### POWER OF ATTORNEY

RE:   *Elliot McGucken Fine Art Photography*

To Whom It May Concern:

Please be advised that the undersigned has retained *The Law Offices of Steven C. Vondran, P.C.* its legal counsel, staff and agents (hereinafter "LAW FIRM") to represent me as legal counsel regarding alleged copyright infringement relating to what I believe is an unauthorized use of my photography. LAW FIRM has the full power, right and authority to take any necessary action in regard to pursuing infringement actions including but not limited to negotiating a settlement and pursuing available legal remedies.

All communications in regard to any or my photograph(s) and/or my case shall be discussed with and directed to LAW FIRM at claims@vondranlegal.com or as the may otherwise direct.

The undersigned hereby grants this right and authority to LAW FIRM:

_____                        8/3/2018
Mr. Elliot McGucken                                     Date
Elliot McGucken Fine Art Photography

LAW FIRM

_____                        8/3/18
Mr. Steven C. Vondran, Esq.                             Date
The Law Offices of Steven C. Vondran, P.C.

---

Phoenix: 2415 E. Camelback Road, Suite 700, Phoenix, Arizona 85016 | Beverly Hills: 9701 Wilshire Blvd., Suite 1000, Beverly Hills CA 90212.
Newport Beach: 620 Newport Ctr. Drive, Suite 1100, Newport Beach, CA 92660 | San Diego: 8880 Rio San Diego Drive, 8th Floor, San Diego, CA 92108
San Francisco: One Sansome Street, Suite 3600, San Francisco, CA 94104

www.VondranLegal.com   Phone: (877) 276-5084   Fax: (888) 551-2252

# POTENTIAL PENALTIES AND DAMAGES IN COPYRIGHT INFRINGEMENT CASES

## § 504. Remedies for infringement: Damages and profits

(a) In General. — Except as otherwise provided by this title, an infringer of copyright is liable for either —

(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or

(2) statutory damages, as provided by subsection (c).

(b) Actual Damages and Profits. — The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.

(c) Statutory Damages. —

(1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

(2) In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200. The court shall remit statutory damages in any case where an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use under section 107, if the infringer was: (i) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in section 118(f)) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

(3) (A) In a case of infringement, it shall be a rebuttable presumption that the infringement was committed willfully for purposes of determining relief if the violator, or a person acting in concert with the violator, knowingly provided or knowingly caused to be provided materially false contact information to a domain name registrar, domain name registry, or other domain name registration authority in registering, maintaining, or renewing a domain name used in connection with the infringement.

(B) Nothing in this paragraph limits what may be considered willful infringement under this subsection.

(C) For purposes of this paragraph, the term "domain name" has the meaning given that term in section 45 of the Act entitled "An Act to provide for the registration and protection of trademarks used in commerce, to carry out the provisions of certain international conventions, and for other purposes" approved July 5, 1946 (commonly referred to as the "Trademark Act of 1946"; 15 U.S.C. 1127).

(d) Additional Damages in Certain Cases. — In any case in which the court finds that a defendant proprietor of an establishment who claims as a defense that its activities were exempt under section 110(5) did not have reasonable grounds to believe that its use of a copyrighted work was exempt under such section, the plaintiff shall be entitled to, in addition to any award of damages under this section, an additional award of two times the amount of the license fee that the proprietor of the establishment concerned should have paid the plaintiff for such use during the preceding period of up to 3 years.